CORNELIUS BENSON *vs.* DENNIS WOOLVERTON and others.

Where a bill filed to avoid a deed, on the ground that it was never delivered to the grantee, but was fraudulently and clandestinely taken from his possession, and the defendants (the heirs of the grantee) have no personal knowledge of the delivery of the deed, and can only answer as to their information and belief, and the answer contains no positive denial of the fact which is distinctly alleged and charged in the bill, and therefore not evidence in the defendant's favor upon that point, the complainant is not required to increase the weight of his evidence to overcome the answer.

The fact of the possession of a deed by the grantee, duly executed and acknowledged by the grantor, is presumptive evidence of the delivery of the deed at the date of the acknowledgment. That presumption is to be overcome by counter evidence of superior weight. The uncorroborated evidence of the grantor is not sufficient for that purpose.

---

*J. W. Taylor*, for complainant.

*Titsworth*, for defendant.

THE CHANCELLOR. The bill is filed to avoid a deed, executed by the complainant to Sarah Blackburn, dated on the seventh, and acknowledged on the eighth of August, 1860. The execution and acknowledgment of the deed are admitted. The sole question in the cause is, whether it was delivered to the grantee. The bill alleges that it was not intended or agreed to be delivered until the death of the grantor; that it was never delivered, but was retained by him until it was clandestinely and fraudulently taken from his possession by the grantee. . The deed was in possession of the grantee, and

was sent by her to the office of the register to be recorded on the fifth of April, 1860. The grantee died on the thirtieth of April, 1860. The bill is filed against her heirs.

The defendants have no personal knowledge of the delivery of the deed, and can only answer as to their information and belief. The answer contains no positive denial of the fact, which is distinctly alleged and charged in the bill, that the deed was clandestinely and fraudulently taken from the possession of the complainant. It is not evidence in the defendant's favor upon that point. The complainant is not required to increase the weight of his evidence to overcome the answer. 3 *Greenl. Ev.*, § 287.

The case depends solely upon the sufficiency of the evidence to sustain the allegation of the bill. The truth of the charge, that the deed was not delivered, but was fraudulently taken by the grantee from the possession of the complainants, rests exclusively upon the unsupported testimony of the complainant himself. He is not corroborated upon this point by the testimony of a single witness, nor by any decisive or significant fact or circumstance disclosed by the testimony. The question then is distinctly presented, whether a deed duly executed and acknowledged, and in the possession of the grantee in her lifetime, can after the death of the grantee be set aside as invalid upon the uncorroborated testimony of the grantor that it was never delivered. I have no hesitation in saying that it ought not to be done. The statute has made the complainant a competent witness in his own behalf. But he is an interested witness, and his testimony is not entitled to the weight of impartial testimony. The manifest policy of the statute moreover is, that the witness should only be heard or credited where he can be confronted with the testimony of the opposite party. Under the facts of this case, the complainant is not excluded by the terms of the statute from being a witness. There is therefore, it is conceded, some evidence in support of the complainant's case.

But the fact of the possession of a deed by the grantee, duly executed and acknowledged by the grantor, is presump-

tive evidence of the delivery of the deed at the date of the acknowledgment. That presumption is to be overcome by counter evidence of superior weight. The uncorroborated testimony of the grantor is not sufficient for that purpose. Upon a bill filed for the foreclosure of a bond and mortgage, the uncorroborated testimony of the defendant in support of his answer, that the mortgage was never delivered, or that it had been paid and satisfied, will not avail to defeat a recovery. The possession of the mortgage by the mortgagee, duly executed and acknowledged, is presumptive evidence not only that it was duly delivered, but that it remains a valid and subsisting encumbrance. These presumptions cannot be overcome by the unaided testimony of an interested party. There are usually circumstances clustering around a transaction which shed light upon its real character, and which serve as reliable guides to the truth. But after the most careful examination of the evidence in this cause, I find no one material circumstance corroborative of the complainant's evidence upon the material point at issue. If the fact, that the complainant should have agreed to give a title for the house and lot for one year's service of the grantee as housekeeper seems improbable, the agreement which he admits he did make is but little less extraordinary on his part, and more remarkable on the part of the grantee.

If the fact that the deed was not immediately placed upon record be at all significant, it is naturally accounted for; and the evidence shows that it was not sent to be recorded until the grantor proposed, in violation of his admitted contract, to sell the property. If it be true that the complainant, a few hours before the death of the grantee, charged her with having taken the deed improperly from his possession, the evidence shows that she instantly repelled the charge, and claimed that the title was rightfully in herself.

If, therefore, there was no counter testimony whatever on the part of the defendants, I should unhesitatingly declare that the complainant's case is not sustained by the evidence.

But there is positive testimony, of the most decisive cha-

Benson *v.* Woolverton.

racter, utterly repugnant to the case made by the complainant. The bill alleges, and the complainant testifies that the deed was executed and acknowledged upon an agreement, that if the grantee would continue in his service, and act as his housekeeper during his life, he would support and maintain her, and on his death leave her a deed of conveyance for the land. There is direct proof by a witness, who alleges that he was present at the contract, that the agreement was that the deed should be executed and delivered if the grantee remained in the complainant's employ for one year. It was executed and acknowledged at the expiration of the year, and was soon afterwards seen in the possession of the grantee. There is also direct evidence that the complainant, before the expiration of the year, declared that he intended to deliver the deed immediately, and that after the year expired he repeatedly declared that the deed had been delivered. It is true that these witnesses, with a single exception, are interested in the result of the suit. But the complainant's evidence is open to the same objection. Nor do I perceive that there is a single objection to the credibility of these witnesses which may not be urged with at least equal force against the credibility of the complainant. The case is doubtless characterized by very peculiar features, which affect to some degree the moral status and credibility of the complainant and of some of the witnesses on the part of the defendants, but they cannot affect the result of the case.

The parties are both dead, and nothing can be gained to the cause of truth and justice by the further discussion of the circumstances which have given rise to the controversy.

The injunction must be dissolved and the bill dismissed.